# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MEELAD DEZFOOLI,<br><br>        Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>        Respondents. | Case No. 2:24-cv-01369-GMN-NJK<br><br>**DISMISSAL ORDER** |

Petitioner Meelad Dezfooli, a pretrial detainee in federal custody, submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1-1.)  On July 26, 2024, this Court instructed Dezfooli to either pay the $5.00 filing fee or file an Application for Leave to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 3.)  Further, because Dezfooli did not file his Petition on the appropriate form or in substantial compliance with the form, this Court instructed Dezfooli to file an Amended Petition. (*Id.*)  Dezfooli timely complied with both instructions. (ECF Nos. 5, 5-1.) This Court grants Dezfooli's IFP Application, but, following an initial review of the Amended Petition, this Court dismisses the Amended Petition without prejudice.

## I. BACKGROUND

In June 2022, Dezfooli was charged in federal court with bank fraud and money laundering in connection with loans obtained under the Covid-era Paycheck Protection Program in case number 2:22-cr-00142-CDS-DJA.[1]  On November 16, 2023, in his criminal case, the Court granted the Government's Motion to Revoke Pretrial Release and Detain Defendant Pending Trial.  Later,

---

[1]This Court takes judicial notice of the docket in case number 2:22-cr-00142-CDS-DJA.

on May 6, 2024, the Court denied Dezfooli's Motion for Release from Detention.  Dezfooli's trial commenced on August 27, 2024.

In his Amended Petition, Dezfooli asks this Court to "grant a writ revoking the previous detention order expeditiously on the merits and urgently grant a writ for [his] outright immediate release from custody removing all restraints on individual liberty, outright within four hours of grant." (ECF No. 5-1 at 8.)  Alternatively, Dezfooli asks this Court to "dismiss the entire indictment with prejudice due to the numerous constitutional violations and actual harm inflicted." (*Id*.)  In his grounds for relief, Dezfooli argues (1) the Detention Order entered in his criminal case is defective, (2) he has received inadequate medical treatment at the Nevada Southern Detention Center, (3) his attorney in his criminal case has been ineffective and his access to legal resources has been limited due to the Detention Order, and (4) he has been illegally confined by the Detention Order which has hampered his ability to prepare for trial. (*Id*. at 7–8.)

**II.    DISCUSSION**

First, regarding ground 2, Dezfooli fails to state a cognizable habeas claim.  Federal law provides two main avenues for relief on complaints related to incarceration: (1) a petition for habeas corpus under 28 U.S.C. §§ 2241, 2254, 2255; and (2) a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983.  A prisoner's claim is cognizable under federal habeas statutes only if it falls within the "core" of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016).  If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Id*. at 931.  If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must use a § 1983 or *Bivens* theory. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  "[A]n action sounds in habeas 'no matter the

1   relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . *if* success

2   in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Pinson*

3   *v Carvajal*, 69 F.4th 1059, 1071 (9th Cir 2023).  Said another way, "a successful claim sounding

4   in habeas necessarily results in release, but a claim seeking release does not necessarily sound in

5   habeas." *Id*. at 1072–73.

6          Dezfooli's claim in ground 2 that he has received inadequate medical treatment does not

7   raise any issues warranting his release from custody.  Rather, if Dezfooli were to succeed on this

8   claim, it would mean only that his conditions of confinement (medical treatment) would change.

9   Accordingly, because ground 2 does not fall within the "core" of habeas, it must be brought, if at

10  all, under § 1983 or *Bivens*. *See Pinson*, 69 F.4th at 1073 (stating that "a garden-variety Eighth

11  Amendment claim based on the deliberate failure to deliver adequate medical care . . . is a standard

12  civil rights claim").  This Court has discretion to recharacterize a habeas petition as a civil rights

13  action "if it 'is amenable to conversion on its face.'" *Id*. at 1075.  This Court declines to exercise

14  that discretion here because Dezfooli does not name the correct defendants or seek the correct

15  relief for a civil rights action. *Id*. at 1076 (finding that a petition is not amenable to conversion on

16  its face because the petitioner "does not seek money damages as allowed by *Bivens* or equitable

17  relief under either the PLRA or federal courts' general authority to issue equitable relief for

18  violation of federal law").  Indeed, Dezfooli list the warden of Nevada Southern Detention Center

19  and the United States Marshals Service as Respondents rather than the individuals who played a

20  role in the denial of his medical treatment.  Further, rather than seeking money damages or

21  equitable relief such as increased medical treatment, Dezfooli seeks his immediate release from

22  custody and the dismissal of his indictment.  Nonetheless, this Court kindly instructs the Court of

23  the Court to send Dezfooli the approved form and instructions for filing a 42 U.S.C. § 1983

3

Complaint, so he may decide whether to pursue a civil rights action by opening a new case, submitting a new IFP Application, and filing a Civil Rights Complaint.

Turning to Dezfooli's remaining grounds for relief regarding his current Detention Order, this Court lacks jurisdiction to direct an equivalent federal district court judge to take any action in an ongoing, separate, criminal case assigned to that judge. Dezfooli's claims about his criminal detention, his counsel, and his trial preparation are all issue for the judges assigned to his criminal matter, 2:22-cv-142-CDS-DJA. Further, as a practical matter, this Court cannot, in a civil habeas proceeding, sit in judgment of the Court's decision in Dezfooli's pending criminal case. For example, even if Dezfooli prevailed in this case, the only remedy available would be an Order directing his custodian to disregard the Detention Order of another judge in this Court, which would put the custodian in the position of having to disobey one of the Court's two inconsistent Orders. The trial court judge in Dezfooli's pending criminal case is in the best position to address Dezfooli's detention claims.

Finally, regarding Dezfooli's claim about the ineffective assistance of his trial counsel in his pending criminal matter, Dezfooli may file a motion for new counsel with the trial court, and if convicted, may seek to file a postconviction appeal in the sentencing court under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) (stating that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence"). In other words, Dezfooli's claims cannot be addressed in a § 2241 petition.

In sum, this Court is currently unable to provide Dezfooli any of the habeas relief he has requested. Accordingly, this case must be dismissed without prejudice, meaning Dezfooli may

seek relief under 28 U.S.C. § 2241 in this Court in the future if he desires to challenge the manner, location, or conditions of carrying out his future sentence or putting his future sentence into effect.

### III.    CONCLUSION

It is therefore Ordered that the Application for Leave to Proceed IFP (ECF No. 5) is granted.

It is further Ordered that the Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 5-1) is dismissed without prejudice.  A Certificate of Appealability is denied as jurists of reason would not find the dismissal of this action on these grounds to be debatable or wrong.

It is further Ordered that the Clerk of Court (1) send Dezfooli the approved form and instructions for filing a 42 U.S.C. § 1983 Complaint, (2) enter final Judgment dismissing this action without prejudice, and (3) close this case.

Dated:  August 30, 2024

_____
Gloria M. Navarro, Judge
United States District Court

5